[No. 5777.  Decided February 8, 1906.]

JOHN G. KULZER, *Respondent*, v. E. B. SIMONTON,
*Appellant.*[1]

SALES—REPLEVIN—REMEDY OF VENDOR FOR FRAUD—PURCHASE BY
THIRD PARTY—NOTICE—ADVANCEMENT OF FREIGHT CHARGES—CONDI-
TIONAL JUDGMENT.  Replevin for lumber sold will lie, where the lum-
ber was sold to a dealer who is hopelessly insolvent and who had no
intention of paying for the same, without knowledge on the part of
the vendor of such insolvency and fraudulent intent, and where the
lumber was resold or turned over by the dealer to another to whom
the dealer was indebted and who knew of the dealer's insolvency
and fraudulent intent, and who paid nothing thereon except the
freight charges and a credit on the indebtedness; but in such case
the plaintiff will be compelled to refund the freight charges advanced
as a condition for recovery.

Appeal from a judgment of the superior court for Spokane
county, Poindexter, J., entered March 27, 1905, upon find-
ings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action of replevin.
Modified.

*Gallagher & Thayer,* for appellant, contended, *inter alia,*
that the mere fact of insolvency does not authorize the vendor
to rescind the sale and maintain replevin for the goods.
*Alder & Sons Clothing Co. v. Thorp,* 102 Wis. 70, 78 N. W.
184; *Illinois Leather Co. v. Flynn,* 108 Mich. 91, 65 N. W.
519; *People ex rel. Ellis v. Healy,* 128 Ill. 9, 20 N. E. 692,
15 Am. St. 90; *Rothmiller v. Stein,* 143 N. Y. 581, 38 N. E.
718, 26 L. R. A. 148; *Burchinell v. Hirsh,* 5 Colo. App. 500,
39 Pac. 352; *Klopenstein v. Mulcahy,* 4 Nev. 296; *Bell v.
Ellis,* 33 Cal. 620; *Hotchkin v. Third Nat. Bank,* 127 N. Y.
329, 27 N. E. 1050; *Brackett v. Griswold,* 112 N. Y. 454,
20 N. E. 376; *Smith v. Smith, Murphy & Co.,* 21 Pa. St.
367, 60 Am. Dec. 51; *Burrill v. Stevens,* 73 Me. 395, 40
Am. Rep. 366; *Chamberlain v. Hoggs,* 1 Gray 172; *Zucker*

[1]Reported in 84 Pac. 582.

*v. Karpeles,* 88 Mich. 413, 50 N. W. 373; *Armstrong v. Lewis,* 38 Ill. App. 164; *Bidault v. Wales,* 19 Mo. 36, 59 Am. Dec. 327; *Kelsey, Roberson & Co. v. Harrison,* 20 Kan. 143; *Labe v. Lewis Bremer's Sons,* 167 Pa. St. 15, 31 Atl. 342; *Farwell v. Hanchett* (Ill.), 9 N. E. 58; *Boggs v. Barry,* Fed. Cas. No. 1,402; *Commonwealth v. Eastman,* 1 Cush. 189, 48 Am. Dec. 596; *Reeder Bros. Shoe Co. v. Prylinski,* 102 Mich. 468, 60 N. W. 969. There was no evidence that the fraudulent intent, if any, preceded the sale: *Starr v. Stevenson,* 91 Iowa 684, 60 N. W. 217; *Burrill v. Stevens, supra.* Presumptions do not run backwards; proof that a thing once existed, does not tend to prove that it previously existed. *Chandler v. Jamaica Pond Acqueduct Corp.,* 122 Mass. 305; *Windhaus v. Bootz,* 92 Cal. 617, 28 Pac. 557; *Nevers v. Hack,* 138 Ind. 260, 37 N. E. 791, 46 Am. St. 380; *State v. Dexter,* 115 Iowa 678, 87 N. W. 417; *Redding v. Godwin,* 44 Minn. 355, 46 N. W. 563; *Martyn v. Curtis,* 67 Vt. 263, 31 Atl. 296; *Jarvis v. Vanderford,* 116 N. C. 147, 21 S. E. 302; 1 Elliott, Evidence, § 110, note 137 and cases cited. The following cases cited by respondent sustain our contention: *Talcott v. Henderson,* 31 Ohio St. 162; *Davis v. Stewart,* 8 Fed. 803; *Morrow Shoe Mfg. Co. v. New England Shoe Co.,* 57 Fed. 685; *Skinner v. Michigan Hoop Co.,* 119 Mich. 467, 75 Am. St. 413; *Taylor v. Mississippi Mills,* 47 Ark. 247, 1 S. W. 283; *Burrill v. Stevens, supra.*

*John C. Kleber,* for respondent, contended, among other things, that a purchase of personal property by one who does not intend to pay for the same is fraudulent. *Lee v. Simmons,* 65 Wis. 523, 27 N. W. 174; *Kearney Milling etc. Co. v. Union Pac. R. Co.,* 97 Iowa 719, 59 Am. St. 434; *Gainesville Nat. Bank v. Bamberger, Bloom & Co.,* 77 Tex. 48, 19 Am. St. 738; *Belding v. Frankland,* 8 Lea 67, 41 Am. Rep. 630; *Donaldson v. Farwell,* 93 U. S. 631, 23 L. Ed. 993; 2 Mechem, Sales (Am. ed.), p. 577, note 4; *Pike v. Weiting,* 49 Barb. 314. An undisclosed insolvency is presumptive evi-

dence of intent not to pay. *Talcott v. Henderson,* 31 Ohio
St. 162, 27 Am. Rep. 501; *Morrow Shoe Mfg. Co. v. New*
*England Shoe Co.,* 57 Fed. 685, 24 L. R. A. 417; *Skinner v.*
*Michigan Hoop Co., supra; Davis v. Stewart,* 8 Fed. 803;
*Le Grand v. Eufaula Bank,* 81 Ala. 123, 60 Am. Rep. 140.
It is always evidence of such intent.   2 Mechem, Sales,
§§ 903, 906; *Dalton v. Thurston,* 15 R. I. 418, 2 Am. St. 905;
*Edson v. Hudson,* 83 Mich. 450, 47 N. W. 347; *Reager v.*
*Kendall* (Ky.), 39 S. W. 257.   Concealment of insolvency
with no· reasonable expectation of paying renders the sale
fraudulent and subject to rescission.   *Fechheimer v. Baum,*
37 Fed. 162, 2 L. R. A. 153, note; *Jaffrey v. Brown,* 29
Fed. 477; *Rawdon v. Blatchford,* 1 Sandf. Ch. 344; *Powell*
*v. Bradlee,* 9 Gill & J. 142; *Johnson v. Monell,* 2 Abb. App.
Dec. 470; *Davis v. Stewart,* 8 Fed. 803; *Taylor v. Mississippi*
*Mills, supra; Oswego Starch Factory v. Lendrum,* 57 Iowa
573, 10 N. W. 900, 42 Am. Rep. 53; *Des Farges v. Pugh,*
92 N. C. 31, 53 Am. Rep. 446; *Houghtaling v. Hills,* 59
Iowa 287, 13 N. W. 305; *Brower v. Goodyer,* 88 Ind. 572.
A mortgagee or creditor taking goods in security or payment
of an antecedent debt is not a bona fide purchaser.   *Woon-*
*socket Rubber Co. v. Loewenberg Bros.,* 17 Wash. 29, 48
Pac. 785, 61 Am. St. 902; *Hurd v. Bickford,* 85 Me. 217,
35 Am. St. 353; *Phenix Iron Works v. McEvony,* 47 Neb.
228, 53 Am. St. 527; *Barnard v. Campbell,* 58 N. Y. 73,
17 Am. Rep. 208; *Cox Shoe Co. v. Adams,* 105 Iowa 402,
75 N. W. 316; *McGraw v. Solomon,* 83 Mich. 442, 47 N. W.
345; *Work v. Jacobs,* 35 Neb. 772, 53 N. W. 993; *Sleeper v.*
*Davis,* 64 N. H. 59, 6 Atl. 201, 10 Am. St. 377; *Henderson*
*v. Gibbs,* 39 Kan. 679, 18 Pac. 926; *Eaton v. Davidson,* 46
Ohio St. 355, 21 N. E. 442; *Dinkler v. Potts,* 90 Ga. 103,
15 S. E. 690; *Peninsular Stove Co. v. Ellis,* 20 Ind. App.
491, 51 N. E. 105; 2 Mechem, Sales, §§ 901, 924.

Root, J.—This is an action to replevin lumber, bought by
defendant Coburn from respondent, and subsequently sold to

appellant. Respondent manufactured the lumber at Valley, Washington. Coburn was a dealer in lumber in Spokane. Appellant was a contractor and builder in the last mentioned city. Coburn by letter ordered two carloads of lumber from respondent, both of which were shipped to him at Spokane. Coburn was absent from Spokane when the lumber arrived. His agent, one Powell, went to appellant and told him that the lumber had arrived, but that there was no money with which to pay the freight charges. Appellant advanced $69.75 to pay said freight charges, and one carload of lumber was turned over to him, and also a portion of the other carload. Coburn was owing appellant at this time. He paid Coburn nothing for the lumber, excepting the $69.75 advanced for freight charges, but gave him credit for $280 on the existing indebtedness.

Respondent alleged that Coburn was hopelessly insolvent at the time he ordered the lumber, and had no intention and no reasonable expectation of being able to pay therefor, and maintains that appellant knew, or should have known, of Coburn's insolvent condition, and of the fact that he had not paid for said lumber. The value of the two carloads of lumber was $359.75. The case was tried before the court without a jury and findings of fact and conclusions of law, and judgment for the return of the lumber, or for $280, in the alternative, were made and entered in favor of respondent. Appellant excepted to the principal findings of fact and contends that the judgment, from which he appeals, was erroneous.

The court found that Coburn was hopelessly insolvent, and concealed his insolvency from respondent, who had no knowledge thereof, and that he had no reasonable expectation of being able to pay for said lumber, and that he bought it with fraudulent intent not to pay for the same, and found that appellant parted with nothing of value in consideration of getting said lumber. The decision of the case must turn largely upon the intent of Coburn and the knowledge, actual

or constructive, of appellant of the circumstances involved. These were questions of fact depending upon the evidence. It would probably serve no good purpose to analyze and discuss the evidence adduced. While it is not as satisfactory as might be desired, nevertheless, we think it sustains the material facts found by the trial judge, and was sufficient to sustain the judgment with the following exception. The $69.75 freight bill was a charge which it was necessary to pay before Coburn or appellant or respondent could get possession of the lumber from the railway company. We do not think that respondent was entitled to be placed in a better position than he would have been had appellant not taken the lumber. The latter having been transported from Valley to Spokane, the respondent had the benefit of this transportation, which rendered the lumber that much more valuable where delivered.

The case will be remanded to the superior court with the following instructions: If, within thirty days from the date of the filing of the remittitur, the respondent shall pay into the registry of the court for the benefit of the appellant the sum of $69.75, then the judgment of the lower court shall stand affirmed. If said amount is not so paid within said time, then the superior court shall enter an order and judgment dismissing the action. Said deposit of $69.75 shall not be delivered by the clerk of the court to appellant until the lumber shall have been delivered to respondent. If said lumber has been removed or in any manner dissipated so that the same cannot be delivered to respondent, the latter may withdraw the $69.75, giving appellant credit for said amount upon the judgment of $280, as entered by the superior court. Neither party shall recover costs in this court.

MOUNT, C. J., DUNBAR, CROW, FULLERTON, RUDKIN, and HADLEY, JJ., concur.